UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BERNICE CHABERIER,**

    **Plaintiff,**

    vs.                CASE NO.:

**SYNOVUS BANK, a Foreign Profit Corporation,**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BERNICE CHABERIER (hereinafter "Chaberier" or "Plaintiff"), by and through his undersigned counsel brings this action against Defendant, SYNOVUS BANK (hereinafter Synovus" or "Defendant"), and states as follows:

## INTRODUCTION

This is an action for damages and all available relief based on race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (collectively "Title VII"), and the Florida Civil Rights Act §§ 760.01-760.11, Florida Statutes ("FCRA"). As a result and for the violation of Plaintiff's rights to be free from racial discrimination and to recover front pay, back pay, an equal amount as liquidated damages, reinstatement, lost benefits,

compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled, including but not limited to, equitable relief.

## JURISDICTION

1. The acts and omissions giving rise to this action occurred in Orange County, Florida

2. Plaintiff was employed by Defendant in Apopka, Florida.

3. This action at law raises a federal question under federal law, specifically Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a, and the Florida Civil Rights Act §§ 760.01-760.11, Florida Statutes. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

4. Plaintiff has satisfied all administrative prerequisites to perfect her claim. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), incorporated herein, attached hereto and marked as **Exhibit A**, and the EEOC issued a notice of right to sue attached hereto and marked as **Exhibit B**. Plaintiff brings this suit within ninety (90) days of receipt of her notice of right to sue.

## VENUE

5. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of

the events and omissions giving rise to the claims occurred within this District

## PARTIES

6. Plaintiff worked for Defendant from March 2016 through May 2020.

7. Defendant was responsible for compensating Plaintiff in exchange for the work and hours worked by Plaintiff.

8. At all times material hereto, Plaintiff worked for Defendant as an Assistant Vice President.

9. Defendant is and was, at all relevant times, a Foreign Profit Corporation, operating in Orange County, Florida and is within the jurisdiction of this Court and this District.

10. Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

## STATUTORY PREREQUISITES

11. Plaintiff is a Hispanic female individual who suffered discrimination based on her race.

12. Plaintiff is a member of a class of individuals protected by Title VII and the FCRA.

13. Plaintiff was qualified for her position of employment as an Assistant Vice President.

14. The Defendant meets the statutory criteria for coverage as an

"employer" under Title VII and the FCRA.

15. Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII and the FCRA.

16. On October 16, 2020, Plaintiff filed a Charge of Discrimination with the EEOC.

17. On April 30, 2021, the EEOC issued a Notice of Right to Sue.

18. Accordingly, Plaintiff has complied with all other requirements and all other prerequisites prior to bringing this lawsuit.

## FACTS

19. Plaintiff was hired on or about March 2016, as a relationship banker with Florida Community Bank ("FCB").

20. On or about May 2019, FCB was acquired by Defendant.

21. At that same time, Plaintiff was promoted to Assistant Vice President for FCB during this transition.

22. On or about June 2019, Plaintiff took an assessment test and passed.

23. Plaintiff was told by Donice Dawson, Regional Retail Sales Manager for Central Florida, that based on her personal opinion, she did not feel Plaintiff understood the test questions in English because she is Hispanic and therefore, she did not perform well enough by her standards.

4

24. Ms. Dawson further advised Plaintiff that she should be demoted to her previous position.

25. On that same day, Plaintiff filed a complaint on the company's Employee Hotline.

26. After filing her complaint on the Employee Hotline, Plaintiff was advised through the Employee Hotline to make a formal complaint to Human Resources.

27. Accordingly, Plaintiff spoke with Paulette Wyrock, the Human Resources Manager, and formally raised her discrimination complaint to Human Resources.

28. Ms. Wyrock also advised Plaintiff that Ms. Dawson should not communicate with Plaintiff without the presence of a Human Resources Representative.

29. However, following her complaint of discrimination with Human Resources, Plaintiff began to experience retaliation by Ms. Dawson.

30. Indeed, in retaliation for filing a complaint, Ms. Dawson singled Plaintiff out for ridicule in nearly every regional meeting.

31. Despite Plaintiff's retention of customers, being understaffed, maintaining a 4-star branch reputation and top 10 quarterly numbers, Ms. Dawson would belittle Plaintiff, constantly questioning her business appointments and downplaying her team's performance.

32. Plaintiff felt very self-conscious and intimidated and followed company protocols of not contacting Ms. Dawson without a Human Resources Representative present.

33. Ms. Chaberier's branch team were all aware of Ms. Donice's discrimination as they all saw Ms. Chaberier visibly emotionally shaken after several meetings.

34. On April 9, 2020, Plaintiff cut her finger while working in her closed office and uttered a profanity under her breath.

35. On May 15, 2020, Plaintiff was terminated. They cited the incident above as the reason for termination.

36. However, on March 2020, Manager Deborah Hildebrand, a white employee, cursed out another employee in front of the branch staff.

37. Unlike Plaintiff, she was only given a written warning and remained employed.

## COUNT I
## RACE DISCRIMINATION UNDER TITLE VII

38. Plaintiffs reincorporate and adopt all allegations contained within paragraphs 1 through 28, above.

39. Defendant discriminated against Plaintiff based on her race.

40. Defendant engaged in unlawful employment practices prohibited by Title VII by discriminating against Plaintiff as set forth above.

41. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

42. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a)   Back pay and benefits;

b)   Interest on back pay and benefits;

c)   Front pay and benefits;

d)   Compensatory damages for emotional pain and suffering;

e)   Injunctive relief;

f)   Prejudgment interest;

g)   Costs and attorney's fees; and

h)   Such other relief as the Court may deem just and proper.

## COUNT II
## RETLIATION UNDER TITLE VII

43. Plaintiffs reincorporate and adopt all allegations contained within paragraphs 1 through 18 and 28 through 37, above.

44. Defendant retaliated against Plaintiff because of her complaint about race discrimination.

45. Plaintiff engaged in a protected activity by making numerous verbal and written complaints to Defendant regarding race discrimination.

46. Plaintiff suffered an adverse action after reporting to Defendant the unlawful conduct.

47. Defendant engaged in unlawful employment practices prohibited by Title VII by retaliating against Plaintiff as set forth above.

48. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

49. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a) Back pay and benefits;

b) Interest on back pay and benefits;

c) Front pay and benefits;

d) Compensatory damages for emotional pain and suffering;

e) Injunctive relief;

f) Prejudgment interest;

g) Costs and attorney's fees; and

h) Such other relief as the Court may deem just and proper.

## COUNT III
## RACE DISCRIMINATION IN VIOLATION OF FCRA

50. Plaintiffs reincorporate and adopt all allegations contained within paragraphs 1 through 28, above.

51. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

52. Defendant discriminated against Plaintiff based on her race.

53. Defendant engaged in unlawful employment practices prohibited by the FCRA by discriminating against Plaintiff as set forth above.

54. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

55. At all material times, Plaintiff was qualified to perform her job duties.

56. Defendant discriminated against Plaintiff because of her race.

57. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

58. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a) Back pay and benefits;

b) Interest on back pay and benefits;

c) Front pay and benefits;

d) Compensatory damages for emotional pain and suffering;

e) Injunctive relief;

f) Prejudgment interest;

g) Costs and attorney's fees; and

h) Such other relief as the Court may deem just and proper.

## COUNT IV
## RETALIATION IN VIOLATION OF FCRA

59. Plaintiffs reincorporate and adopt all allegations contained within paragraphs 1 through 30 and 28 through 37, above.

60. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

61. At all material times, Plaintiff was qualified to perform her job duties.

62. Defendant retaliated against Plaintiff because of her complaints about race discrimination.

63. Plaintiff engaged in a protected activity by making numerous verbal and written complaints to Defendant regarding race discrimination

64. Defendant engaged in unlawful employment practices prohibited by the FCRA by retaliating against Plaintiff as set forth above.

65. The above retaliation was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a) Back pay and benefits;

b) Interest on back pay and benefits;

c) Front pay and benefits;

d) Compensatory damages for emotional pain and suffering;

e) Injunctive relief;

f) Prejudgment interest;

g) Costs and attorney's fees; and

h) Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs hereby demand a trial by jury.

Dated this 12th day of July, 2021.

Respectfully submitted,

***s/Bruce A. Mount***
Anthony J. Hall
FL Bar No. 40924
Bruce Mount, Esq.
FL Bar No. 88754
THE LEACH FIRM, P.A.
631 S. Orlando Avenue, Suite 300
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 813-7512
Email: ahall@theleachfirm.com
Email: bmount@theleachfirm.com
Email: yhernandez@theleachfirm.com